# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYNAMIC REALTY SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EESANG SEE,<br><br>Defendant.<br>_____/ | CASE NO. 1:12-cv-00576-LJO-MJS<br><br>ORDER REMANDING ACTION TO STATE COURT<br><br>(ECF NO. 1)<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT<br><br>(ECF NO. 2) |

**I.  INTRODUCTION**

Defendant Eesang See ("Defendant"), proceeding pro se, removed this action from the Tulare County Superior Court on April 16, 2012. (Notice of Removal, ECF No.1.) Defendant also filed a motion to proceed *in forma pauperis*. (Motion to Proceed, ECF No. 2.)

The underlying complaint is an unlawful detainer action filed by Plaintiff Dynamic Realty Solutions, LLC, on March 5, 2012, in Tulare County Superior Court.

**II.  APPLICABLE LAW**

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. Any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties

-1-

or laws of the United States may be removed by the defendant to federal court without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441. An action also may be removed by the defendant to federal court on the basis of diversity jurisdiction. (*Ibid*.) Federal courts have diversity jurisdiction over civil actions between citizens of two different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The Court has an independent responsibility to remand a case improperly removed to the federal court. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As the Ninth Circuit has ruled, "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002). Accordingly, the Court finds it appropriate to determine whether jurisdiction exists in this case.

Removal statutes are strictly construed against removal and place the burden on defendant to demonstrate that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241,1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal means that the defendant always has the burden of establishing that removal is proper.").

### III. ANALYSIS

Here, Defendant does not clearly specify a basis for claiming federal jurisdiction. Regardless, from the face of the pleadings it is clear she satisfies neither federal question nor diversity jurisdiction requirements.

Defendant alleges that Plaintiff's state law notice to vacate was defective under the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. She, however, has put forth no facts or circumstances that would bring her or this unlawful detainer action within the protections of that act. Inasmuch as Plaintiff's action does not allege a foreclosure and tenancy covered by the act, it does not appear that any claim for violation of 12 U.S.C. § 5220 could credibly be asserted.

Plaintiff does not claim damages in excess of the jurisdictional amount. Plaintiff's unlawful detainer action was filed as a "limited" civil case in which the amount demanded is $10,000 or less.[1] The relief requested is limited to possession of the property, damages of $33.33 per day from March 2, 2012, for each day the Defendant continues in possession of the property and costs of suit. (Notice to Remove, Ex. A at 3, ¶ 6, and 4, ¶¶ 1-6.) Since Plaintiff does not claim damages in excess of $75,000, Defendant would have the burden of showing that there is $75,000 or more in controversy if she sought diversity jurisdiction. There is no such showing. Given the nature of the action and the relief sought, it does not appear that any such claim could credibly be asserted.

## IV.    CONCLUSION AND ORDER

The Court finds, for the reasons stated above that Defendant has not shown any proper basis for removal. Thus, the Court lacks subject matter jurisdiction, the case shall be remanded and Defendant's motion for *in forma pauperis* status is moot.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. This action be REMANDED to Tulare County Superior Court.
2. The motion for *in forma pauperis* status is DENIED as moot.

IT IS SO ORDERED.

Dated:   April 19, 2012                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] A limited civil unlawful detainer case can not exceed $25,000 in damages claimed. Cal. Civ. Proc. Code § 86(a)(4).